MATTER OF P——

## In DEPORTATION Proceedings

### A-10381589

*Decided by Board April 15, 1959*

**Loss of citizenship—Service in foreign armed forces—Section 349(a)(3) of 1952 act is not applicable where service in armed forces followed erroneous information furnished by American consular officer.**

Dual national of United States and Italy who served in Italian armed forces from 1954 to 1956, does not lose citizenship under section 349(a)(3) of the 1952 act when his failure to avoid the expatriating conduct is attributable to erroneous information (leading him to believe that he had never acquired United States nationality) furnished him by a Government officer in 1948. (Overrules Note 1 of *Matter of P——*, Interim Decision No. 060.)

CHARGES:

Order: Act of 1952—Section 241(a)(2) [8 U.S.C. 1251(a)(2)]—Admitted as crewman—Remained longer than permitted.

### BEFORE THE BOARD

**Discussion:** On August 18, 1958, the special inquiry officer granted voluntary departure and directed that the respondent be deported if he failed to depart voluntarily. We affirmed this order on November 21, 1958. The respondent thereafter filed an action against the District Director of the Service in New York City for a judgment declaring him to be a citizen of the United States which action is apparently pending at this time (Civil Action 141-338 of 1959). The case is now before us pursuant to the Assistant Commissioner's motion of March 5, 1959, that we reconsider our previous order and enter an order terminating the proceedings.

The respondent is a 25-year-old male, apparently unmarried, native of Italy and claiming United States citizenship, whose only entry into the United States occurred on August 23, 1956, at which time he was admitted temporarily as a seaman. The question to be determined is whether alienage has been established.

R——P——, father of the respondent, was born at Brooklyn, New York, on April 22, 1901, and accompanied his parents on their return to Italy in 1904. He served in the Italian Army from November 10, 1920, until July 21, 1922, and from March 26, 1939, until

August 19, 1939. About May 1921, during his first period of service, he took an oath of allegiance to Italy while under the age of 21. On April 13, 1948, he executed an affidavit before an American consular officer to explain his protracted foreign residence in which he stated that a United States passport was issued to him in 1930; that he was in the United States for a few months at that time; that he returned to Italy because of the illness of his wife; that he voted in an Italian election on June 2, 1946; and that he was desirous of returning to the United States as soon as possible to reside permanently.

The American consular officer issued a certificate on May 10, 1948, to the effect that R——P—— expatriated himself as the result of taking an oath of allegiance to Italy during minority and confirming the oath after reaching majority by again serving in the Italian Army during 1939 without protest, and that his children, including the respondent, had no claim to United States citizenship because they were born after the date of R——P——'s expatriation. This certificate was approved by the Department of State on April 11, 1950.

The respondent testified that he was conscripted into the Italian Navy in May 1954 and served until June 1956. In our decision of November 21, 1958, we held that R——P—— was still a citizen of the United States when the respondent was born; that the respondent acquired United States citizenship at birth under section 1993 of the Revised Statutes (8 U.S.C. 6, 1926 ed.); and that the respondent became expatriated under 8 U.S.C. 1481(a)(3) by reason of his service in the Italian Navy and the conclusive presumption in 8 U.S.C. 1481(b).

In its motion, the Service has called attention to our decisions of December 23, 1958, in *Matter of S——*, A-11275200, Int. Dec. No. 973, and *Matter of S——*, A-11537371, Int. Dec. No. 974. These cases are not precisely analogous because the persons involved were born after section 1993 of the Revised Statutes had been amended by the Act of May 24, 1934 (48 Stat. 797; 8 U.S.C. 6, 1940 ed.). Under this amendment and section 201(h) of the Nationality Act of 1940, a person who had thus acquired citizenship was required to take up residence in the United States on or before his 16th birthday in order to retain his citizenship. Those persons lost their citizenship by failing to come to the United States before reaching the age of 16; it was held that they were restored to citizenship by reason of the provisions of section 301(b) of the Immigration and Nationality Act of 1952 [8 U.S.C. 1401(b)]; and their failure to come to the United States prior to attaining the age of 23, as required by the latter provision, was excused because of information (later found to be erroneous) furnished to them by a Government

officer. On the other hand, this respondent was born in Italy on April 28, 1934, which was prior to the amendment. He was not required to enter the United States prior to his 16th birthday; 8 U.S.C. 1401(b) has no application; and the question of whether he became expatriated depends entirely on the provisions of subsections (a)(3) and (b) of 8 U.S.C. 1481.

As we have indicated above, the Department of State on April 11, 1950, approved a certificate of an American consular officer dated May 10, 1948, that the respondent had no claim to citizenship and that his father had become expatriated. Counsel contended that, if it had not been for the ruling of the Department of State, the respondent would have come to the United States with his father in 1948 and would have been in this country in 1954 instead of being conscripted into the Italian Navy at that time. 8 U.S.C. 1481(a)(3) provides that entering or serving in the armed forces of a foreign state shall cause expatriation unless prior thereto the service has been specifically authorized in writing by the Secretary of State and the Secretary of Defense. Counsel contends that any possibility of obtaining written authorization was precluded by the rulings in 1948 and 1950 adverse to the respondent's claim of United States citizenship. The Service stated in its motion that there was evidence that in 1948, when the respondent's father appeared at the American Consulate, he was accompanied by this respondent and was endeavoring to make arrangements for both of them to come to the United States.

In the light of the motion of the Service and in view of the erroneous information furnished to the respondent in 1948 that he was born subsequent to his father's expatriation and had never acquired United States citizenship, it is our considered opinion that the principle which impelled our conclusion in the two cases cited above is also present here and that a conclusion is warranted that the alienage of the respondent has not been established. Accordingly, the proceedings will be terminated.

**Order:** It is ordered that the motion of the Service be granted.

*It is further ordered* that the special inquiry officer's order and our order of November 21, 1958, insofar as they relate to this respondent, be withdrawn.

*It is further ordered* that the proceedings be terminated.